### CHARLES W. EATON v. A. F. GALE and Another.

#### MABEL C. EATON v. SAME.[1]

November 10, 1905.

Nos. 14,478, 14,479—(140, 141).

**Action on Guardian's Bond.**

Consent of the probate court is a necessary prerequisite to maintain an action against sureties upon a guardian's bond.

Separate actions in the district court for Hennepin county by Charles W. Eaton and Mabel C. Eaton to recover from defendants, as sureties, $1,579.65 upon a guardian's bond. The cases were tried before Willard

[1] Reported in 104 N. W. 833.

96 M.—11

R. Cray, J., who made an order dismissing the actions on the ground that consent to institute the same had not been obtained from the probate court. From judgments entered pursuant to the order, plaintiffs appealed. Affirmed.

*Chas. E. Bond,* for appellants.

*Snyder & Gale* and *Edward C. Gale,* for respondents.

LEWIS, J.

Is it a necessary prerequisite that consent of the probate court be obtained in order to maintain an action against sureties upon a guardian's bond? Section 4699, G. S. 1894, provides that all bonds required to be taken by order of the probate court shall run to the judge of probate and his successor in office, unless otherwise provided, and, in case of any breach of the conditions thereof, may be prosecuted in the name and for the benefit of any person interested therein, whenever the probate court directs. Section 4700 places in the probate court entire power, upon its own motion, to require additional bonds, and to remove executors, administrators, or guardians for failure to comply with the order of the court to furnish new or additional bonds to the satisfaction of the court. Section 4702 reads:

> When, on application, the probate court has authorized any bond to be prosecuted, it shall make a certified copy of the bond, and a certificate, under the seal of the court, that permission has been given to the person named in such certificate to prosecute the same.

This language is not permissive, but imperative. It is the clear intent of these sections to place under the control of the probate court the complete supervision of executors, administrators, and guardians, so far as pertains to the furnishing of security and consenting to the commencement of litigation based upon such bonds. Whether the decision of the probate court on that question is final, discretionary, or subject to review is not presented upon this appeal. We are not called upon to decide whether some other course of procedure might not have been as suitable and served the purpose of protecting the wards of the court just as well. It may be that the necessity of commencing an action against the sureties on such a bond might have been left to the

discretion of the parties interested and their legal advisers, but the legislature did not see fit so to do and proceeded upon the theory that the probate court was not only to pass upon the sufficiency of the sureties, the legality of the bond, but also upon the necessity of commencing an action. No such permission having been obtained, the case was properly dismissed.

Judgments affirmed.